By the Court.—Sedgwick, J.
The request to charge implied that in the case specified, the jury would have no right to say that there was any credible testimony as to what the package contained. This- is not a necessary result, for the jury had the right to perceive that the plaintiffs’ testimony was in part true, and the defendant’s testimony did not go the length of showing that the package could not have contained china of some value, to more than a nominal amount.
The judge instructed the jury (after leaving the question of liability of only £5, to them properly) that if that special agreement were not made, the defendants “ were liable for the amount of the goods shipped,” and in another place “the actual value of these goods.” The learned counsel for appellant supposes that this charge strictly held the jury to find a verdict in the amount sworn to by the plaintiffs’ witnesses, which was materially greater than the verdict. If it be the case, that the only error is that the jury did not find an amount as great as the evidence indisputably shows, then the verdict might be increased to the proper amount. The finding of the jury jvas not hurtful to the appellant, and cannot be complained of by it. The fact that the jury did not find the larger amount, shows that in their discrimination, they believed that the *544 quantity was less than the witnesses testified to, from a mistake, a miscalculation of the fullness of the sets of china, or from excusable exaggeration, but not necessarily from intentional falsehood.
I am of opinion the judgment should be affirmed with costs.
Speir, J., concurred.